IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| **VOLKSWAGEN OF AMERICA, INC.**, a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SÜD'S OF PEORIA, INC.**, d/b/a **SÜD'S VOLKSWAGEN** and **SÜD'S AUDI**, an Illinois Corporation; **GIAN C. SÜD**, an Illinois Resident, **HARISH C. SÜD**, an Illinois Resident, and **SUNITI R. SÜD**, a Wisconsin Resident,<br><br>Defendants. | Case No.: **04 cv 01306**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MOTION TO STAY PENDING ARBITRATION and**
<u>**SUPPORTING MEMORANDUM OF LAW**</u>

**NOW COME** Defendants, SÜD'S OF PEORIA, INC., d/b/a SÜD'S VOLKSWAGEN and SÜD'S AUDI, GIAN C. SÜD, HARISH C. SÜD and SUNITI R. SÜD ("SÜD's"), by and through their attorney, PHILIP M. O'DONNELL of KINGERY DURREE WAKEMAN & RYAN, ASSOC., and in lieu of their Answer, moves this Court to stay these proceedings pending arbitration, pursuant to the Federal Arbitration Act (9 U.S.C. §1, *et seq.*) and the Illinois Uniform Arbitration Act (710 ILCS 5/2), and in support of their Motion and Memorandum of Law, states as follows:

1.    Plaintiff, VWoA, a New Jersey corporation with its principal place of business located at 3800 Hamlin Road, Auburn Hills, Michigan, distributes Volkswagen brand vehicles, parts and accessories through a network of over 600 authorized dealers.

2.    Defendant, SÜD's, an Illinois corporation with its principal place of business located at 2350 North 8th Street, Pekin, Illinois, is an authorized Volkswagen dealer.

3. Defendants, GIAN C. SÜD, HARISH C. SÜD and SUNITI R. SÜD, are principals of SÜD's, and guaranteed the obligations at issue in this case.

4. The dispute in this case centers around SÜD's entering into an agreement with Plaintiff to construct a new Audi Volkswagen facility that would comply with certain design specifications of Plaintiff, and be completed by certain deadlines of Plaintiff. Although the construction agreement is referenced in a number of documents executed by the parties and attached to the Complaint, it was also made a part of the parties' Franchise Agreement. The parties' Franchise Agreement is attached to the Complaint as Exhibit A, with additional terms attached to the Complaint as Exhibit B. The Facilities Construction Agreement is actually Exhibit C to Exhibit A attached to the Complaint in the documents provided to the Court by Plaintiff. The preamble to Exhibit C of the Franchise Agreement (Exhibit A to the Complaint) states as follows:

> This Additional Terms and Conditions Addendum (this "Addendum") is an integral part of the Volkswagen Dealer Agreement dated July 31, 2003 (the "Dealer Agreement"), between Volkswagen of America, Inc. ("VWoA") and Sud's of Peoria, Inc. d/b/a Sud's Volkswagen located at 2350 N. 8th Street, Peoria, Illinois, 61554 ("Dealer").

5. In return for Defendants building a facility per the required specifications of Plaintiff, Plaintiff agreed to loan $500,000.00 to Defendants. In conjunction with the loan, Plaintiff also agreed to pay a $250,000.00 incentive, and up to $560,000.00 in additional incentives that was intended to offset the loan obligations (and provide additional monies). However, the Complaint alleges that Defendants breached certain conditions to earning the incentives and, therefore, also breached the obligation to pay back the loan which would otherwise have been offset by the money earned from the incentives. Notwithstanding the merits

of the above dispute, the parties' Franchise Agreement, which included the Facilities Construction Agreement, contains an arbitration clause which states as follows:

> (1) VWoA and Dealer agree as a general matter to work together to minimize disputes between them. While understanding that certain Federal and state courts and agencies may be available to resolve any disputes, VWoA and Dealer agree that it is in their mutual best interests to attempt to resolve certain controversies first through arbitration. VWoA and Dealer therefore agree that the dispute resolution process outlined in this Article shall be used before seeking legal redress in a court of law or before an administrative agency, for all disputes arising under the following: Article 9(3) (Warranty Procedures), Article 12 (Succeeding Dealers), Article 14 (Termination), Article 15 (Rights and Liability Upon Termination) <u>and payments to Dealer in connection with VWoA incentive programs</u>. In the event that a dispute arises in connection with any other provision of this Agreement, VWoA and Dealer may mutually agree to first submit the dispute to arbitration, in accordance with the provisions of this Article. Both VWoA and Dealer agree that the ultimate mutual goal of arbitration is to obtain a fair hearing and prompt decision of the dispute, in an efficient and cost-effective manner, and both agree to work toward that goal at all times hereunder. (Emphasis added).

6. Under the above, disputes with Plaintiff which involve Volkswagen incentives are subject to mandatory arbitration. Defendants have requested mandatory arbitration pursuant to this clause.

7. Alternatively, a separate document was prepared by Plaintiff related to the Facility Construction Agreement. This document is attached to the Complaint as Exhibit F and is entitled <u>VOLKSWAGEN / AUDI FACILITY DESIGN PROGRAM</u> [Brand Separation and Facility Refurbishment] <u>VOLKSWAGEN / AUDI FACILITY AGREEMENT</u>. This Agreement also has a mandatory arbitration clause which states the following:

> G. <u>Governing Law</u>
> This Agreement will be construed in accordance with the laws of the State of Michigan. Should the performance of any obligation under this Agreement violate any law of that jurisdiction, then this Agreement shall be deemed modified to the minimum extent to comply with such law. <u>In the event of any dispute concerning any matter arising under this Agreement, the parties consent to</u>

3

<u>mandatory binding arbitration to be held in Oakland County, Michigan, under the auspices of a nationally recognized arbitration service reasonably mutually acceptable to the parties</u>.  (Emphasis added).

8. The purpose of arbitration is to avoid the formalities, delay and expenses of litigation in court, <u>Hough v. Osswald</u>, 198 Ill.App.3d 1056, 1057, 145 Ill.Dec. 147, 556 N.E.2d 765 (1st Dist. 1990).  Arbitration as a means of dispute resolution is favored and is regarded by courts as an effective and cost-efficient method of resolving disputes.  <u>United Cable Corp. v. Northwest Illinois Cable Corp.</u>, 128 Ill.2d 301, 306, 538 N.E.2d 547.  There is "a liberal federal policy favoring arbitration agreements."  <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 24, 103 S.Ct. 927, 941 (1983).

9. Federal law requires the arbitration of this dispute because the transaction involved commerce.  <u>See, Circuit City Stores v. Adams</u>, 532 U.S. 105, 121 S.Ct. 1302 (2001).  The Federal Arbitration Act is preemptive of state laws, which are hostile to arbitration.  <u>Southland Corp. v. Keating</u>, 465 U.W. 1, 104 S.Ct. 852 (1984); <u>Gelderman, Inc. v. Sathis</u>, 177 Ill.App.3d 414, 532 N.E.2d 366 (1st Dist. 1988).

10. Illinois law also requires the arbitration of this dispute.  The law in Illinois is clear that:  "[i]n essence, once a contract containing a valid arbitration clause has been executed, the parties are irrevocably committed to arbitrate all disputes arising under the agreement.  The parties, therefore, are bound by their contract with its obligations, duties, and liabilities."  <u>Board of Managers of Courtyard</u>, 183 Ill.2d 66, 74, 697 N.E.2d 737, 731.  Moreover, "[d]oubts regarding the scope of arbitrable issues ought to be resolved in favor of arbitration."  <u>Heiden v. Galva Foundry Company</u>, 223 Ill.App.3d 163, 168, 584 N.E.2d 518, 522 citing <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 103 S.Ct. 927 (1983).

11. Although Plaintiff drafted a multiplicity of documents related to the transaction, the entire transaction arose out of the franchise relationship and an understanding between the parties that incentives would be paid in exchange for certain facility obligations being fulfilled by Defendants. Since the Franchise Agreement required "incentives" to be arbitrated, this matter should be stayed until arbitration occurs and is completed. Alternatively, the parties also agreed that any disputes under the Volkswagen Marketplace Design Program (incorporated in the Complaint as Exhibit F) would be arbitrated, and so this matter should be stayed pending the occurrence of and completion of that arbitration.

12. Defendants request oral argument on this Motion before the Court, so that in the event Plaintiff opposes arbitration, Defendants' counsel can fully and clearly explain the reasons for which arbitration is required in the context of the parties' dispute.

**WHEREFORE,** Defendants, SÜD'S OF PEORIA, INC., d/b/a SÜD'S VOLKSWAGEN and SÜD'S AUDI, GIAN C. SÜD, HARISH C. SÜD and SUNITI R. SÜD, for the foregoing reasons, move this Court for the entry of an Order staying these proceedings, pursuant to the Federal Arbitration Action (9 U.S.C. § 1, *et seq.*) and the Illinois Uniform Arbitration Act (710 ILCS 5/2), together with any other relief which this Court deems just and appropriate.

        SÜD'S OF PEORIA, INC., GIAN C. SÜD,
        HARISH C. SÜD, and SUNITI R. SÜD,
        Defendants.

        /S/    **PHILIP M. O'DONNELL**
                One of Their Attorneys

**PHILIP M. O'DONNELL**                          **RICHARD M. KARR**

| | |
|---|---|
| KINGERY DURREE WAKEMAN<br>   & RYAN, ASSOC.<br>915 Commerce Building<br>416 Main Street<br>Peoria, Illinois  61602<br>Telephone:  (309) 676-3612<br>Facsimile:   (309) 676-1329 | GORDON & KARR, LLP<br>45th Floor<br>One North LaSalle Street<br>Chicago, Illinois  60602<br>Telephone:  (312) 377-4450<br>Facsimile:   (312) 332-1901 |

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | |
|---|---|
| **VOLKSWAGEN OF AMERICA, INC.**, a New Jersey Corporation,<br><br>               Plaintiff,<br>  v.<br><br>**SÜD'S OF PEORIA, INC.**, d/b/a **SÜD'S VOLKSWAGEN** and **SÜD'S AUDI**, an Illinois Corporation; **GIAN C. SÜD**, an Illinois Resident, **HARISH C. SÜD**, an Illinois Resident, and **SUNITI R. SÜD**, a Wisconsin Resident,<br><br>             Defendants. | Case No.: **04 cv 01306** |

## CERTIFICATE OF SERVICE

On April 4, 2005, the undersigned served upon attorney James R. Vogler, and the law office of Barack, Ferrazzano, Kirschbaum Perlman & Nagelberg by electronic filing, the following documents:

  **Defendants' Motion to Stay Pending Arbitration and Supporting Memorandum of Law**

and via U.S. Mail to:

        Randall L. Oyler
        Barack, Ferrazzano, Kirschbaum, Perlman & Nagelberg
        333 West Wacker Drive
        Ste 2700
        Chicago, IL 60606

                /S/   **PHILIP M. O'DONNELL**
                        KINGERY DURREE WAKEMAN &
                        RYAN, ASSOC.

| | |
|---|---|
| **PHILIP M. O'DONNELL**<br>KINGERY DURREE WAKEMAN | **RICHARD M. KARR**<br>GORDON & KARR, LLP |

    &amp; RYAN, ASSOC.  
915 Commerce Building  
416 Main Street  
Peoria, Illinois  61602  
Telephone:  (309) 676-3612  
Facsimile:   (309) 676-1329  

45th Floor  
One North LaSalle Street  
Chicago, Illinois  60602  
Telephone:  (312) 377-4450  
Facsimile:   (312) 332-1901